# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVIN WAYNE MURRAY, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-17-2574 |
| WEXFORD HEALTH SOURCES, INC., et al., | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending is a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF 13) filed by Defendants Warden Kathleen Green and Warden Ricky Foxwell, two of four named Defendants in this case.[1] Upon review of the papers filed, this Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the dispositive motion, with respect to the Defendants Green and Foxwell is construed as a Motion for Summary Judgment[2] and IS GRANTED.

## Background

The case was instituted upon receipt of a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Melvin Wayne Murray, a Maryland state inmate. ECF 1. Plaintiff alleges that he has been denied adequate medical care. *Id*. at p. 2. He indicates that the Defendant Ruth Pinkney, as a Physician's Assistant, is the health care provider he sees most frequently during his Chronic Care Clinic visits. *Id*. at p. 4. He complains that he suffers from a respiratory condition, Tardine Dyskinesia-a chronic eye nerve condition, and a hernia, for which

---

[1] Wexford Health Sources and Pinkney's response to the complaint is due on or before August 2, 2018. ECF No. 27.

[2] Defendants' dispositive submission will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

Pinkney has not provided adequate medical care. *Id*. at p. 4-7. He states that he has asked to see a physician but instead is frequently seen by Pinkney who refuses to refer him to the physician. *Id*.

Plaintiff also alleges that former Warden Kathleen Green and current Warden Ricky Foxwell did not resolve his complaints about his medical care when he filed administrative remedy requests. *Id*. at pp. 4-5. He claims that the Wardens did not investigate his complaints or involve themselves in his medical care. *Id*.; ECF 22-1 at p. 1-2.

Wardens Foxwell and Green each aver that they are not licensed medical providers and that medical services at ECI are provided by Wexford, the medical contractor. ECF 13-2, ¶ 3 (Foxwell Affidavit); ECF 13-3 ¶ 3 (Green Affidavit). They each deny having personal involvement in providing medical care to Plaintiff and further deny having had the authority to make any decisions regarding Plaintiff's medical care or the authority to direct the medical staff to perform any particular medical procedure or provide any particular treatment. *Id*. Foxwell and Green further state that as Wardens they were not responsible for monitoring the provision of medical services to inmates. *Id*. They each aver that they generally deferred to the expertise of medical staff regarding the provision of medical care to inmates and that when responding to an inmate's complaint they each relied upon the reports, assessments and judgments of the trained medical staff to prepare a response for their signature. ECF 13-2 ¶¶ 3 & 5; ECF 13-3 ¶¶ 3 & 5. They each deny interfering with, hindering, or delaying medical care to Plaintiff. ECF 13-2 ¶ 6; ECF 13-3 ¶ 6.

Plaintiff's grievance regarding the denial of medical care was investigated, his medical records were reviewed, and as a result a communication was sent to the medical provider to

2

review the ophthalmologist recommendations. Additionally, Plaintiff was advised he would be followed in the chronic care clinic as needed. ECF 22-4 at p. 7.

Foxwell and Green indicate that inmates may request medical care by filling out sick call slips which are collected and reviewed by medical staff who are responsible for determining appointment dates and times. ECF 13-2 ¶ 4; ECF 13-3 ¶ 4

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

**Analysis**

Quite simply it is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

More than a simple allegation that a Defendant held a position that ostensibly imposed a duty upon them to insure their subordinates did not engage in misconduct is required. Neither Foxwell nor Green participated in the alleged failure to treat Plaintiff and there is no evidence

4

that Foxwell or Green authorized an unconstitutional act. The uncontroverted evidence is that Foxwell and Green investigated Plaintiff's complaints regarding his medical care and that they relied upon the expertise of medical staff to determine the appropriate course of treatment. Plaintiff's claims against Foxwell and Green consist only of bald assertions without facts or evidence to support the conclusory allegations.

Where, as here, there is absolutely no allegation or any evidence with respect to the Defendants Green and Foxwell they are entitled to judgment as a matter of law. Decisions by correctional staff considering inmate complaints without more does not establish personal participation in the alleged constitutional violation. *See Atkins v. Maryland Div. of Correction*, 2015 WL 5124103 at *6 (D. Md. 2015) (act of denying grievances); *Scott v. Padula*, 2010 WL 2640308, *3 (D. S.C. 2010) (failure to investigate or process a grievance); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983"). As such, Green and Foxwell are entitled to Summary Judgment as a matter of law.

For the aforementioned reasons, the Motion to Dismiss, or in the Alternative for Summary Judgment is construed as Motion for Summary Judgment and IS GRANTED. A separate Order follows.[3]

July 19, 2018                                             /s/
Date                                                                        RICHARD D. BENNETT
                                                                                 UNITED STATES DISTRICT JUDGE

---

[3] The case shall proceed as to Defendants Wexford Health Sources, Inc. and Ruth Pinkney whose response to the Complaint is due on or before August 2, 2018.